PRICE, Judge.
This is an action whereby plaintiff, Morris Windham, seeks to recover benefits under the Louisiana Workmen’s Compensation Statute for an alleged total and permanent disability. He contends that he suffered two successive accidents while in the employ of defendant, M & M Manufacturing Company, Inc. The first is said to have occurred on December IS, 1967, and the second on January 29, 1968.
The defendant, M & M Manufacturing Company, was insured under a policy of workmen’s compensation insurance by Continental Casualty Company on December IS, 1967, and by Aetna Casualty & Surety Company on January 29, 1968. By appropriate third party pleadings Aetna Casualty & Surety Company was made a third party defendant. Third party plaintiff, M & M Manufacturing Company, alleged that, if it was determined that the disability of plaintiff resulted solely from the alleged accident occurring on January 29, 1968, and it be cast in judgment for same, it then have judgment in its favor against Aetna for that amount. It was further requested that, should it be determined that any disability found to exist resulted from both alleged accidents, M & M Manufacturing Company have judgment against Aetna for one-half the amount rendered against it.
Defendants in each action filed answers denying that plaintiff had sustained the accidents on either of these dates and asserted that if plaintiff had any disability at the time it resulted from an accidental injury to his back suffered in 1960 while in the employ of another company.
After trial on the merits judgment was rendered in favor of plaintiff on the principal demand and against defendant, M & M Manufacturing Company, decreeing the plaintiff entitled to the maximum statutory rate of compensation for total and permanent disability, plus medical expenses not exceeding $2,500.00.
Judgment was also rendered on the third party demand in favor of M & M Manufacturing Company and against Aetna for one-half the judgment rendered against it. Thus the district court found that plaintiff had suffered both accidents as alleged and that his disability resulted from injuries received in each accident.
From that judgment both defendants have perfected this suspensive appeal.
The most serious assignment of error is the finding by the trial court that plaintiff has borne the burden required of him of proving by a reasonable preponderance of the evidence that he suffered either of the accidents complained of while in the employ of M & M Company.
We shall only discuss this issue, as we believe it to be determinative of this case.
The evidence reflects that the plaintiff was injured during the year 1960 while working for the Tippett Tool Company. In that accident he suffered a herniated disc. Plaintiff’s claim for workmen’s compensation at that time was compromised and settled. The testimony further reveals that plaintiff preferred not to have corrective surgery performed and he has experienced intermittent difficulty with his back since that accident.
*924 Plaintiff began working for the defendant, M & M Manufacturing Company, in October, 1966, as a machinist. He contends that he was operating a turret lathe at the time of the first accident complained of on December 15, 1967. He alleged that, while operating this lathe, it was necessary that he remove certain raw materials with a hydraulic lifting machine, commonly called a Hyster. It is plaintiff’s contention that he walked over to the Hyster machine and while attempting to climb onto same he fell on his left side, hurting his back. This incident was not reported to any supervisor and plaintiff continued to work for the remainder of December and during the month of January. The only proof produced by plaintiff of this accident, other than the history given to his physicians at a later date, was the testimony of a fellow worker who testified that he saw the plaintiff slip on the Hyster and heard him mention that he hurt his back.
On January 29th, the date on which plaintiff contends he suffered the second accident, he was working on a power saw machine cutting iron rods weighing approximately 130 pounds. He testified that he was working with a fellow workman named Michael Baucum, and that they were required to lift these bars onto a wooden platform after they were cut. Plaintiff testified that he reported for work at approximately 2:30 P.M. on this date and was injured about forty-five minutes after reporting for work. He testified that, while lifting one of the iron bars, he felt a stinging sensation in his back and knew that he had injured jiimself. It is shown that the plaintiff was notified by the foreman on this day that he and two other employees would be laid off because of a reduction in plant personnel. The testimony of the fellow worker, Michael Bau-cum, reflects that no mention was made by the plaintiff to this witness of plaintiff having injured himself on this date. Bau-cum further testified that the plaintiff began to slow in his work and left at the supper break at 9:30 P.M. and did not return to work. A foreman, Mr. Milton Earl Holt, testified that plaintiff mentioned, at the time he left, that his legs were hurting him and he was going home. He testified plaintiff made no mention of having experienced any accident.
The proof that plaintiff was involved in an accident is very scant. He made no report or complaint to his superiors or coworkers, other than to the witness, Mr. Vail, whose testimony is very vague, indefinite and unconvincing. Under the circumstances here presented it can only be concluded that plaintiff has failed to support his claim by the requisite preponderance of the evidence. Under a comparable situation this court in Roberts v. M. S. Carroll Co., Inc., et al., La.App., 68 So.2d 689, at 693, (2d Cir., 1953), made the following observation:
“The most that could be said in support of plaintiff’s position is that he has succeeded in establishing a possibility of disability resulting from the accidental injury. The jurisprudence of every appellate tribunal of this state has incontrovertibly established the rule that the plaintiff in a compensation case, as in other cases, bears the burden of proof. He is required to establish his claims to a legal certainty by a reasonable preponderance of the evidence. Speculation, conjecture, mere possibility, and even unsupported probability, are not sufficient to support a judgment. These principles have been stated, restated, iterated, reiterated, emphasized and re-emphasized, in almost innumerable decisions, among which we mention only a few of the latest citations: [Citations omitted] * * *.
“If this oft-enunciated principle has any meaning and any application, we are firmly convinced that it is appropriate to this case. Plaintiff haas failed to justify his claims even by the measure of probabilities and as a result his contentions are dependent upon speculations and possibilities which are beyond and *925 outside the realm of judicial pronouncements.”
In view of these principles, we conclude that plaintiff has not sustained his burden of proof and established, by any reasonable preponderance of the evidence, that he was involved in an accident while in the employ of M & M Manufacturing Company, Inc.
For the foregoing reasons it is ordered, adjudged and decreed that the judgment appealed from be hereby reversed, and that, accordingly, there be judgment herein in favor of the defendant, M & M Manufacturing Company, Inc., and against plaintiff rejecting plaintiff’s demands at his cost.
It is further ordered, adjudged and decreed that there be judgment on the third party demand in favor of Aetna Casualty & Surety Company and against M & M Manufacturing Company, Inc., rejecting its demands.
Rehearing denied.
BOLIN, J., dissents.